## Third Department, November, 1966

## (November 21, 1966)

General Electric Credit Corporation, Appellant, v. John Morrello, Respondent, et al., Defendant.— Staley, Jr., J. Appeal from an order of Special Term, Albany County, denying plaintiff's motion for summary judgment in an action to recover the unpaid balance due under a retail installment contract. The respondent and Ernest Conti, on May 22, 1962, executed a retail installment contract for the purchase of certain appliances, which contract was assigned by the seller to the plaintiff. After a default on the part of the buyer, the goods were replevied and sold at a public sale, and plaintiff sues for the amount of the deficiency and expenses of the sale. The respondent, in his answer, alleges that he entered into the contract, not as a buyer but only as surety; that any claim against Conti under the contract has been discharged in bankruptcy; that without his consent, the terms of the contract were changed, thereby canceling the original contract; and that the plaintiff is chargeable with prejudicial delay in resorting to its security after default. In his affidavit on the motion, respondent states that he never purchased the items mentioned in the contract; that none of the items were delivered to him, and that he never received or derived any use or benefit from them, and that plaintiff had knowledge of his status as surety. The respondent has sufficiently raised triable issues of fact. Appellant, on the contrary, failed to sustain its burden of factually controverting the defenses predicated on the surety relationship alleged in the answer so as to establish as a matter of law that the "defense has no merit". (CPLR 3212, par. [b].) Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.